Wolff v. Jurgenson, 185 Ill. App. 346.

W. J. LAVERY and CHARLES B. STAFFORD, for appellants.

CHARLES J. TRAINOR, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. BUILDING AND LOAN ASSOCIATIONS, § 8*—*when by-laws invalid.* A by-law of a building and loan association providing for the deduction of a twenty per cent. premium from all loans is invalid.

2. BUILDING AND LOAN ASSOCIATIONS, § 58*—*when loan usurious.* Where a twenty per cent. premium was deducted from a loan by a building and loan association under an invalid by-law without first offering the loans to the highest bidders, the loan is usurious and a decree forfeiting interest on the money actually advanced is proper.

Caroline Wolff, Individually and Trustee, Defendant in Error, v. Anthony Jurgenson, Plaintiff in Error.

Gen. No. 19,005. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed March 10, 1914.

## Statement of the Case.

Action of forcible detainer in the Municipal Court of Chicago by Caroline Wolff, individually and as trustee under the will of Frederick Wolff, deceased, against Anthony Jurgenson. From a judgment for plaintiff, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

ADAMS, CREWS, BOBB & WESCOTT, for plaintiff in error.

JOHN LEO FAY and ALBERT H. MEADS, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. FORCIBLE ENTRY AND DETAINER, § 20*—*necessity for proof of possession in plaintiff.* In forcible detainer proceedings plaintiff must show actual possession of the premises upon which the forcible entry is alleged to have been made, and mere constructive possession arising from the ownership of the fee is not sufficient.

2. FORCIBLE ENTRY AND DETAINER, § 1*—*elements of action.* In forcible detainer proceedings the title is not involved, the issue being confined to possession by plaintiff and unlawful invasion and detention by defendant.

3. FORCIBLE ENTRY AND DETAINER, § 84*—*where evidence insufficient to sustain recovery.* In forcible detainer proceedings, where there was no evidence to show that plaintiff was ever in possession of the premises in question, nor that defendant ever made any forcible entry thereon, nor as to when or how defendant acquired possession, nor that they were vacant and unoccupied at the time he entered, it was error to deny a peremptory instruction for defendant.

---

## Caroline Wolff, Individually and Trustee, Defendant in Error, v. Anthony Jurgenson, Plaintiff in Error.

### Gen. No. 19,006. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed March 10, 1914.

## Statement of the Case.

Action of forcible detainer in the Municipal Court of Chicago by Caroline Wolff, individually and as trus-